BOBBY J. LEWIS and LITA J. LEWIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 2948-87.
United States Tax Court
T.C. Memo 1989-282; 1989 Tax Ct. Memo LEXIS 282; 57 T.C.M. (CCH) 684; T.C.M. (RIA) 89282; June 12, 1989; As corrected June 14, 1989 *282 Bobby J. Lewis and Lita J. Lewis, pro se. James S. Yan and Terry W. Vincent, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This case is before the Court on respondent's Motion For Entry Of Decision In Accordance With The Stipulation Of Settled Issues (Motion) filed April 10, 1989. FINDINGS OF FACT This case was called for trial at the trial session of this Court on January 23, 1989, at Pasadena, California. At calendar call, we scheduled this case for trial on January 27, 1989. After calendar call but before trial, the parties reached a basis of settlement. On January 24, 1989 petitioners signed the Stipulation of Settled Issues (Stipulation) drafted by respondent's counsel. The Stipulation states in pertinent part: THE PARTIES hereby stipulate and settle the issues relating to petitioners' 1983 and 1984 income tax liabilities as follows: 1. SCHEDULE C (AIRCRAFT). Petitioners' Schedule C profits and losses for 1983 and 1984 are allowed as follows: 1983
1984
Income
$ 8,232.00 $ 38,226.00 Expenses
(14,986.00)
(22,364.00)
Depreciation
(1,500.00)
(2,200.00)
Profit (Loss)
$  8,254.00)
$ 13,662.00 *283 * * * The Stipulation does not mention any liability on the part of petitioners for self-employment taxes. On January 27, 1989 respondent's counsel filed the Stipulation with the Court and we granted the parties 60 days in which to file decision documents. On February 23, 1989 respondent's counsel mailed a proposed Stipulated Decision with a copy of the Audit Statement upon which it was based to petitioners. The Audit Statement included $ 1,544.00 in self-employment taxes as a component of the recomputed deficiency for 1984 shown on the proposed Stipulated Decision. Respondent's notice of deficiency did not include self-employment tax in the amount of determined deficiency for 1984, and the issue of petitioners' liability for such tax was not raised at any time prior to its inclusion in the proposed Stipulated Decision. On March 23, 1989 Petitioner Bobby J. Lewis (Mr. Lewis) informed respondent's counsel that he needed more time to review the proposed Stipulated Decision. At respondent's request, we granted an extension of 15 days to file decision documents. On April 4, 1989 Mr. Lewis informed respondent's counsel that petitioners did not plan to sign the proposed *284 Stipulated Decision, because the figures contained in Paragraph 1 of the Stipulation were inaccurate. Such was respondent's impetus for filing the instant Motion. On April 17, 1989 petitioners filed an objection to respondent's Motion in the form of a Motion For Hearing On Matters In Dispute, which states that "the details of the stipulated settlement written and directed by Attorney Yan [respondent's counsel] has a major deletion from the spoken words agreed to." On April 20, 1989 we ordered respondent's Motion calendared for a hearing. On May 17, 1989 petitioners filed under Rule 50(c), Tax Court Rules of Practice and Procedure, a Statement In Lieu Of Appearance which states: MOTIONS SESSION
Documents presented to support our 1984 Tax Return as filed. Refer to accounting record marked Exhibit No. 1 and entries marked Items A and B; Item A Paid to Interest, Item B Paid to Principal. We met with * * * Attorney James S. Yan at his request on Saturday, January 21, 1989 for discussion of possible settlement of disputed issues. We met with Mr. James S. Yan again on Monday, January 23, 1989 and continued discussion and reached agreements. Mr. Yan's spoken words were *285 he agreed the expenses for interest paid and principal payments were acceptable as shown on accounting records, although he would not allow them as basis for depreciation and investment tax credit, he would delete the income to offset these amounts. When Mr. Yan's settlement work-up arrived in my hands and I examined it, the income was included and my payments to interest and principal were ignored and left out. A tax figure including self employment tax was calculated contrary to our agreement. Self employment tax was never discussed. [Emphasis in original.] * * * The accounting record petitioners refer to as Exhibit No. 1 is a copy of a handwritten summary of petitioners' income and expenses from its aircraft activity for 1983 and 1984 (Summary). The totals of the "Income" and "Expenses" columns shown on the Summary for 1983 and 1984 agree to the corresponding figures shown in Paragraph 1 of the Stipulation. Indeed, the Stipulation was prepared in part based upon such Summary. Two different columns on the Summary labeled "Paid to Interest" and "Principal Payments" show entries of $ 1,696.00 and $ 13,898.00, respectively. These amounts, as petitioners point *286 out, are not included in the computation of profit or loss in Paragraph 1 of the Stipulation. On the morning of May 24, 1989 respondent filed a Statement In Support Of Respondent's Motion For Entry Of Decision In Accordance With The Stipulation Of Settled Issues in which, among other things, respondent's counsel (James S. Yan) stated that he did not promise petitioners anything in addition to what had been agreed upon in the Stipulation. Later that morning, respondent's counsel (Terry W. Vincent) appeared at the scheduled hearing on the instant Motion and was heard. OPINION Petitioners seem to object to respondent's Motion For Entry Of Decision In Accordance With The Stipulation Of Settled Issues on two separate grounds. First, petitioners contend that respondent's counsel orally agreed to allow for certain deductions in determining Schedule C profit or loss which were not actually included in the Stipulation of Settled Issues signed by petitioners. Respondent's counsel denies that he promised petitioners anything other than what had been agreed upon in the Stipulation. In Stamm International Corp. v. Commissioner,90 T.C. 315 (1988), we held that the unilateral *287 error of counsel, in the absence of some misrepresentation by the adverse party, is not a sufficient ground to vacate a settlement agreement. We cannot find that respondent's counsel represented to petitioners that they would receive the benefit of any deductions other than those provided for in the Stipulation. Petitioners had a full opportunity to review the written Stipulation. They should have noticed any discrepancy between the written Stipulation and their understanding of the agreement, before signing the document. Thus, any error which may exist in the Stipulation was a unilateral error of petitioners. Accordingly, petitioners are bound by the amounts shown in the Stipulation. Second and finally, petitioners contend that the deficiency for 1984 shown on respondent's proposed Stipulated Decision erroneously includes $ 1,544.00 in self-employment tax, since the issue of liability therefor was not previously raised. In contrast, respondent argues that since petitioners stipulated that they were involved in a trade or business, they are automatically liable for self-employment taxes related thereto for 1984. We agree with petitioners. The notice of deficiency issued *288 to petitioners does not include in the determined deficiency for 1984 any self-employment tax. Self-employment taxes are not mentioned in the Stipulation of Settled Issues signed by petitioners. Indeed, the issue of liability for such tax was not raised at any time prior to its inclusion in the deficiency for 1984 shown on the proposed Stipulated Decision. Further, had petitioners known that it was respondent's intention to hold them liable for self-employment taxes, they might never have agreed to settle this case. Accordingly, petitioners are not liable for the self-employment taxes asserted by respondent for the first time in the proposed Stipulated Decision. To reflect the foregoing, An appropriate order and decision will be entered.